UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDWARD PARKS,

                      Plaintiff,

            -against-

P.O. JESUS COLON, DET. TYRONE VIRUET,
DET. HECTOR VELEZ, DET. FREDERICO
VAZQUEZ, LT. TIMOTHY KEARNS,

                  Defendants.
-------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

15 CV 7310 (LGS)

Plaintiff EDWARD PARKS (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq., and Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

2.      The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7.      Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Bronx, State of New York.

8.      The individual Defendants named in the complaint are officers with the NYPD at the time when plaintiff's claims arose.  They are sued in their individual, supervisory and official capacities.

## FACTS

9.      On January 16, 2015, ("date of incident") around 8 p.m., plaintiff was inside a chinese restaurant ordering some food for himself.

10.     While plaintiff was standing inside to place his order, individual defendants pulled up in an unmarked van in front of the restaurant and ordered plaintiff to step outside of the restaurant.

11.     When plaintiff stepped outside, the individual defendants went inside and started frisking and searching other civilian individuals inside the chinese restaurant.

12.     Shortly thereafter, all the individual defendants exited the restaurant and when plaintiff inquired whether he can go back in to continue with his order, defendant Vazquez directed the individual officer and detectives to arrest plaintiff.

13.     Plaintiff did not know what he was being arrested for.

14.     Plaintiff was transported to Narcotics Bureau Manhattan North and had his arrest processed.  Defendant Kearns approved the false paperwork without inquiring into its truthfulness simply to process arrests and appease his "higher-ups."

15.     Plaintiff who works occasionally as a stocking clerk had a few hundred dollars in his pocket from his work pay.

16.     Defendant Colon did not invoice the money that plaintiff had in his pocket and instead simply put down "$35" in the prisoner property receipt.

17.     Plaintiff was then informed that he was arrested for selling crack-cocaine.

18.     Plaintiff was stripped searched even though there was no probable cause or any other reason for plaintiff to be arrested.

19.     Based on the seriousness of the false charges, plaintiff's bail was set at $5000 and Plaintiff spent 6 days in custody before he was released.

20.     Plaintiff made 4-5 court appearances where the individual defendants either failed or refused to show up or withdraw or inform the DA of the fabricated charges against plaintiff.  On June 4, 2015, plaintiff's case was dismissed on the motion by the DA's office.

## AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful search and seizure/false arrest-Fourth Amendment)

21.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

22.     Plaintiff was stopped, frisked and arrested even though he had committed no crime.

23.     Plaintiff suffered injuries when he was yanked, thrown against the ground and injured his wrists when defendants tightened the handcuffs placed on plaintiff.

24.     Plaintiff was strip-searched and subjected to an anal cavity search without any just cause.

25.     Plaintiff spent over 6 days in jail because defendants charged him with a false and fabricated charge of sale of crack-cocaine.

26.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unlawful search, seizure, false arrest and assault were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under14th Amendment-Due Process/Malicious Prosecution)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28.     The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.   The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

29.     Defendants initiated false and baseless proceedings against plaintiff.

30.     Defendants knew that if they forwarded the false information to the DA's office, plaintiff would be prosecuted and bail will be set.

31.     Yet defendants never retracted their false paperwork and continued the prosecution based on malice and to cover their own misconduct of theft and illegal arrest.

32.     The proceedings were terminated in plaintiff's favor.

33.     As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

35.     Defendants knew plaintiff was innocent.

36.     Yet, Defendants arrested plaintiff for sale of crack-cocaine and forwarded false information to the DA that the plaintiff was in possession of drugs.

37.     Defendants swore out false affidavit, put in false information on official police paperwork.  The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

38.     As a result of defendants' conduct, plaintiff suffered constitutional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40.     Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

41.     In addition, defendants engaged in such conduct to appease the NYPD brass that they were doing something about crimes and making arrests (albeit false arrests) to obtain leverage during promotions and move up in the ranks within the NYPD.

42.     Each defendant gained through this conspiracy because they accomplished each of their individual goals of obtaining overtime, generating arrests, "doing something" about crime in the City, "looking the other way" from their subordinate and each other's misconduct to shield themselves from any discipline or implications in the wrongdoing.

43.     As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(42 U.S.C. 1981)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

45.     Defendants targeted plaintiff because of his race and color.

46.     Defendants discriminated against plaintiff by falsely arresting and

accusing him of a crime he did not commit because of his race and color.

47.    Defendants' arrest and prosecution of plaintiff on baseless charges and their theft of plaintiff's money deprived plaintiff the equal protection and benefits under the law solely because of his race and color.

48.    As a result plaintiff's rights under 1981 were violated.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of One Hundred Thousand Dollars for each and every Cause of Action;

b. Award the costs of this action to the Plaintiff;

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

d. Award punitive damages in an amount assessed by the jury;

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       January 14, 2016

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
    Robert Blossner (RB0526)
    Vik Pawar (VP9101)
    *Attorneys for Plaintiff*